## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| TASIA JOHNSON, on behalf of herself and others similarly situated, )<br><br>Plaintiffs, )<br><br>v. )<br><br>BLUE FLAME LOUNGE, INC., a Georgia Domestic Profit Corporation, and JACQUELYN WHITE, an individual, )<br><br>Defendants. ) | CIVIL ACTION FILE NO.<br>1:25-cv-00160-SDG<br><br>FLSA Collective Action |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

Defendants Blue Flame Lounge, Inc. and Jacquelyn White (collectively, "**Defendants**"),[1] hereby file their Answer to the Second Amended Complaint filed in this action by Plaintiff Tasia Johnson, on behalf of herself and others similarly situated (collectively, "**Plaintiffs**").

## I.   AFFIRMATIVE DEENSES.

### FIRST DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

---

[1] Defendant Blue Flame Lounge, Inc. is not a proper party to this action as it is unrelated to the operation of the Blue Flame Lounge.  Here, "Defendants" refers to Investments Dynamics, Inc. and Jacquelyn White.

## SECOND DEFENSE

Plaintiff's claims, or claims by purported Opt-in Plaintiffs, are time-barred under the statute of limitations set in the Fair Labor Standards Act, 29 U.S.C. 201 *et seq*. ("**FLSA**") and Georgia law.

## THIRD DEFENSE

Plaintiff's claims are barred due to the doctrines of waiver and estoppel.

## FOURTH DEFENSE

To the extent Plaintiff has failed to mitigate her damages, she is barred from recovery.

## FIFTH DEFENSE

Defendants invoke the protections, limitations and defenses of the Fair Labor Standard Act, 29 U.S.C. §201, *et. seq.*

## SIXTH DEFENSE

The Defendants did not knowingly, intentionally, recklessly, or with malice deprive Plaintiff of any federally protected right. Instead, Defendants at all times acted in good faith and had reasonable grounds for believing its actions, with regards to Plaintiff, complied with the FLSA.

## SEVENTH DEFENSE

Plaintiff is barred from bringing a collective action due to a lack of commonality among prospective class members.

## EIGHTH DEFENSE

To the extent Plaintiff seeks recovery for time that is not compensable, i.e. "not hours worked," under the FLSA, her claims are barred.

## NINTH DEFENSE

To the extent Plaintiff seeks recovery for *de minimus* non-tipped time, which was preliminary or postliminary to her primary duties, her claims are barred.

## TENTH DEFENSE

Plaintiff has not alleged sufficient facts to justify a collective action nor has Plaintiff defined potential opt-in Plaintiffs clearly and objectively.

## ELEVENTH DEFENSE

Plaintiff cannot adequately represent the interests of potential opt-in Plaintiffs.

## TWELVTH DEFENSE

To the extent that Plaintiff inaccurately reported her hours worked to Defendants, such failure bars any recovery for willful violations of the FLSA.

## THIRTEENTH DEFENSE

To the extent that Plaintiff's claims are covered by an arbitration agreement, her claims are barred.

**FOURTEENTH DEFENSE**

To the extent additional affirmative defenses arise during the course of this litigation, Defendants reserve the right to assert such defenses as they become evident.

## II.    RESPONSE TO ENUMERATED ALLEGATIONS

Without waiving the defenses set forth herein, Defendants respond to the individually numbered paragraphs of the Complaint as follows:

### INTRODUCTION

1.

A portion of the allegations in Paragraph 1 contains a statement of law, to which no response is required. Defendants deny all remaining allegations of paragraph 1 including that Defendants committed any wrongful act or that Plaintiff is entitled to any relief from Defendants.

2.

Defendants admit that Plaintiff Johnson was classified as an independent contractor. Defendants deny all remaining allegations in paragraph 2 of the Amended Complaint.

3.

A portion of the allegations in Paragraph 3 contains a statement of law, to which no response is required. Defendants deny all remaining allegations of

paragraph 3 including that Defendants committed any wrongful act or that Plaintiff is entitled to any relief from Defendants.

## JURISDICTION & VENUE

4.

Defendants admit that this Court has general subject matter jurisdiction of matters relating to the FLSA. Defendants deny that this Court has subject matter jurisdiction in the current matter for any claims (1) barred by the statute of limitations or (2) barred by an arbitration agreement.

5.

Defendants admit that this Court has venue as a substantial part of the events occurred within the jurisdiction of this Court.

## PARTIES

6.

Defendants admit the dates of employment set forth in paragraph 6 of the Amended Complaint but deny that Plaintiff was employed continuously during those dates. Defendants lack sufficient knowledge to admit or deny the remaining allegations contained in paragraph 6 of the Amended Complaint.

7.

Defendants admit the allegations of paragraph 7 of the Amended Complaint as to Plaintiff Johnson.

8.

Defendants admit the allegations of paragraph 8 of the Amended Complaint as to Plaintiff Johnson.

9.

Defendants admit the allegations of paragraph 9 of the Amended Complaint as to Plaintiff Johnson.

10.

Defendants admit the allegations of paragraph 10 of the Amended Complaint as to Plaintiff Johnson.

11.

Defendants admit the allegations of paragraph 11 of the Amended Complaint as to Plaintiff Johnson.

12.

Defendants admit that White exercised day-to-day operational control of Investments Dynamics, Inc., but deny she made all specific day-to-day decisions.

13.

Defendants admit that White exercised day-to-day operational control of Investments Dynamics, Inc., but deny she made all specific day-to-day decisions as set forth in Paragraph 13 of the Amended Complaint.

14.

Defendants deny the allegations of paragraph 14 of the Amended Complaint.

15.

Defendants admit the allegations of paragraph 15 of the Amended Complaint.

16.

Defendants admit the allegations of paragraph 16 of the Amended Complaint.

17.

Defendants admit the allegations of paragraph 17 of the Amended Complaint.

## **INTERSTATE COMMERCE**

18.

Defendants admit the allegations of paragraph 18 of the Amended Complaint.

19.

Defendants deny the allegations of paragraph 19 of the Amended Complaint.

20.

Defendants deny they are an enterprise but admit Investment Dynamics, Inc. engages in interstate commerce.

21.

Defendants lack sufficient knowledge or admit or deny the allegations in paragraph 21 of the Amended Complaint.

-7-

22.

Defendants admit the allegations of paragraph 22 of the Amended Complaint.

23.

Defendants admit the allegations of paragraph 23 of the Amended Complaint.

## COMMON FACTUAL ALLEGATIONS

24.

Paragraph 24 does not require an admission or denial. To the extent a response is required, it is denied that the named Plaintiff is similarly situated to other persons in this action.

25.

Defendants admit the allegations of paragraph 25 of the Amended Complaint.

26.

Defendants admit the allegations of paragraph 26 of the Amended Complaint.

27.

Defendants admit the allegations of paragraph 27 of the Amended Complaint.

28.

Defendants admit that Plaintiff Johnson was classified as an independent contractor but deny all remaining allegations in paragraph 28 of the Amended Complaint.

-8-

29.

Defendants deny the allegations of paragraph 29 of the Amended Complaint.

30.

Defendants deny the allegations of paragraph 30 of the Amended Complaint.

31.

Defendants deny the allegations of paragraph 31 of the Amended Complaint.

32.

Defendants deny the allegations of paragraph 32 of the Amended Complaint.

33.

Defendants deny the allegations of paragraph 33 of the Amended Complaint.

34.

Defendants admit the allegations of paragraph 34 of the Amended Complaint to the extent that entertainers could be told they were no longer to perform any services at Blue Flame Lounge. Defendants deny all remaining allegations of paragraph 34 of the Amended Complaint.

35.

Defendants deny the allegations of paragraph 35 of the Amended Complaint

36.

Defendants deny the allegations of paragraph 36 of the Amended Complaint

37.

Defendants deny the allegations of paragraph 37 of the Amended Complaint.

38.

Defendants admit the allegations of paragraph 38 of the Amended Complaint

39.

Defendants admit the allegations of paragraph 39 of the Amended Complaint.

40.

Defendants admit the portions of allegations of paragraph 40 of the Amended Complaint that state payments were required by the dancers to perform at the Lounge. All remaining allegations are denied.

41.

Defendants admit the portions of allegations of paragraph 41 of the Amended Complaint that state that that the entertainer was required to sign in at arrival. Defendants deny all remaining allegations of paragraph 41 of the Amended Complaint.

42.

Defendants deny the allegations of paragraph 42 of the Amended Complaint.

43.

Defendants deny the allegations of paragraph 43 of the Amended Complaint.

44.

Defendants deny the allegations of paragraph 44 of the Amended Complaint.

45.

Defendants deny the allegations of paragraph 45 of the Amended Complaint.

46.

Defendants deny the allegations of paragraph 46 of the Amended Complaint.

47.

Defendants deny the allegations of paragraph 47 of the Amended Complaint.

48.

Defendants deny the allegations of paragraph 48 of the Amended Complaint.

49.

Defendants deny the allegations of paragraph 49 of the Amended Complaint.

50.

Defendants admit there was a check-out process. Defendants deny the remaining allegations of paragraph 50 of the Amended Complaint.

51.

Defendants deny the allegations of paragraph 51 of the Amended Complaint.

52.

Defendants deny the allegations of paragraph 52 of the Amended Complaint.

-11-

53.

Defendants admit that Defendants had discretion to suspend or terminate an individual who did not appear.    Defendants deny that such discipline was automatically applied.

54.

Defendants deny the allegations of paragraph 54 of the Amended Complaint.

55.

Defendants state that paragraph 55 is vague and unintelligible.  Defendants deny the allegations of paragraph 55, as plead.

56.

Defendants admit the allegations of paragraph 56 of the Amended Complaint.

57.

Defendants admit the allegations of paragraph 57 of the Amended Complaint.

58.

Defendants state that they lack sufficient information to admit or deny the allegations of paragraph 58 of the Amended Complaint as "substantial" is not defined.  Defendants deny the allegations of paragraph 58, as plead.

59.

Defendants admit the allegations of paragraph 59 of the Amended Complaint.

-12-

60.

Defendants admit the allegations of paragraph 60 of the Amended Complaint.

61.

Defendants state that paragraph 61 is vague and unintelligible. Defendants deny the allegations of paragraph 61, as plead.

62.

Defendants deny the allegations of paragraph 62 of the Amended Complaint.

63.

Defendants state that paragraph 63 is vague and unintelligible. Defendants deny the allegations of paragraph 63, as plead.

64.

Defendants admit the allegations of paragraph 64 of the Amended Complaint.

65.

Defendants deny the allegations of paragraph 65 of the Amended Complaint.

66.

Defendants admit the allegations of paragraph 66 of the Amended Complaint.

67.

Defendants admit the allegations of paragraph 67 of the Amended Complaint.

68.

Defendants lack sufficient information or admit or deny the allegations of paragraph 68 of the Amended Complaint.

69.

Defendants admit the allegations of paragraph 69 of the Amended Complaint.

70.

Defendants admit the allegations of paragraph 70 of the Amended Complaint.

71.

Defendants admit the allegations of paragraph 71 of the Amended Complaint.

72.

Defendants admit the allegations of paragraph 72 of the Amended Complaint.

73.

Defendants admit the allegations of paragraph 73 of the Amended Complaint.

74.

Defendants admit the allegations of paragraph 74 of the Amended Complaint to the extent that Plaintiff Johnson worked for amounts earned from tips.

75.

Defendants admit the allegations of paragraph 75 of the Amended Complaint.

76.

Defendants admit the allegations of paragraph 76 of the Amended Complaint.

77.

Defendants admit the allegations of paragraph 77 of the Amended Complaint.

78.

Defendants lack sufficient information or admit or deny the allegations of paragraph 78 of the Amended Complaint.

79.

Defendants admit the allegations of paragraph 79 that claims have been alleged and dismissed.

## COLLECTIVE ACTION ALLEGATIONS

80.

Defendants deny the allegations of paragraph 80 of the Amended Complaint.

81.

Defendants deny the allegations of paragraph 81 of the Amended Complaint and deny that the named Plaintiff is similarly situated to other persons in this action.

82.

Defendants deny the allegations of paragraph 82 of the Amended Complaint and deny that the named Plaintiff is similarly situated to other persons in this action.

83.

Defendants deny the allegations of paragraph 83 of the Amended Complaint and deny that the named Plaintiff is similarly situated to other persons in this action.

84.

Defendants deny the allegations of paragraph 84 of the Amended Compliant, deny Blue Flame Lounge, Inc, is the proper party Defendant, and deny that the named Plaintiff is similarly situated to other persons in this action.

85.

Defendants deny the allegations of paragraph 85 of the Amended Complaint and deny that the named Plaintiff is similarly situated to other persons in this action.

86.

Defendants deny the allegations of paragraph 86 of the Amended Complaint and deny that the named Plaintiff is similarly situated to other persons in this action.

87.

Defendants deny the allegations of paragraph 87 of the Amended Complaint and deny that the named Plaintiff is similarly situated to other persons in this action.

## CAUSES OF ACTION

### COUNT I
### FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FLSA, 29 U.S.C. §§ 206 AND 215
***(By Plaintiffs Individually and on Behalf of the Collective Against All Defendants)***

88.

Defendants incorporate by reference paragraphs 1-87.

-16-

89.

Defendants admit the allegations of paragraph 89 of the Amended Complaint.

90.

Defendants deny the allegations of paragraph 90 of the Amended Complaint.

91.

Defendants deny the allegations of paragraph 91 of the Amended Complaint.

92.

Defendants deny the allegations of paragraph 92 of the Amended Complaint.

93.

Defendants deny the allegations of paragraph 83 of the Amended Complaint.

94.

Defendants deny the allegations of paragraph 94 of the Amended Complaint.

95.

Defendants deny the allegations of paragraph 95 of the Amended Complaint.

96.

Defendants deny the allegations of paragraph 96 of the Amended Complaint.

97.

Defendants deny the allegations of paragraph 97 of the Amended Complaint.

98.

Defendants deny the allegations of paragraph 98 of the Amended Complaint.

99.

Defendants deny the allegations of paragraph 99 of the Amended Complaint.

100.

Defendants deny the allegations of paragraph 100 of the Amended Complaint.

101.

Defendants deny the allegations of paragraph 101 of the Amended Complaint.

**COUNT II**
**FAILURE TO PAY OVERTIME WAGES IN**
**VIOLATION OF THE FLSA, 29 U.S.C. § 207**
(*By Plaintiffs Individually and on Behalf of the*
*Collective Against All Defendants*)

102.

Defendants incorporate by reference paragraphs 1-101.

103.

Defendants admit the allegations of paragraph 103 of the Amended Complaint.

104.

Defendants admit the allegations of paragraph 104 of the Amended Complaint.

105.

Defendants deny they operate an enterprise but admit the remaining allegations in paragraph 105 of the Amended Complaint.

-18-

106.

Defendants lack sufficient information to admit or deny the allegations in paragraph 106 of the Amended Complaint, which is therefore denied.

107.

Defendants deny the allegations of paragraph 107 of the Amended Complaint.

108.

Defendants deny the allegations of paragraph 108 of the Amended Complaint.

109.

Defendants deny the allegations of paragraph 109 of the Amended Complaint.

110.

Defendants deny the allegations of paragraph 110 of the Amended Complaint.

## COUNT III
### ILLEGAL KICKBACKS, 29 C.F.R. § 531.35
**(*By Plaintiffs Individually and on Behalf of the
Collective Against All Defendants*)**

111.

Defendants incorporate by reference paragraphs 1-110.

112.

Defendants deny the allegations of paragraph 112 of the Amended Complaint.

113.

Defendants deny the allegations of paragraph 113 of the Amended Complaint.

-19-

114.

Defendants deny the allegations of paragraph 114 of the Amended Complaint.

115.

Defendants admit the allegations of paragraph 115 of the Amended Complaint.

116.

A portion of the allegations in Paragraph 116 contains a statement of law, to which no response is required. Defendants deny all remaining allegations of paragraph 116 including that Defendants committed any wrongful act or that Plaintiff is entitled to any relief from Defendants.

117.

Defendants deny the allegations of paragraph 117 of the Amended Complaint.

118.

Defendants deny the allegations of paragraph 118 of the Amended Complaint.

119.

Defendants deny the allegations of paragraph 119 of the Amended Complaint.

120.

Defendants deny the allegations of paragraph 120 of the Amended Complaint.

121.

Defendants deny the allegations of paragraph 121 of the Amended Complaint.

122.

Defendants deny the allegations of paragraph 122 of the Amended Complaint.

**<u>COUNT IV</u>**
**<u>ILLEGAL KICKBACKS, 29 C.F.R. § 531.35</u>**
***By Plaintiffs Individually and on Behalf of the***
***Collective Against All Defendants*)**

123.

Defendants incorporate by reference paragraphs 1-122.

124.

Defendants admit the allegations of paragraph 124 of the Amended Complaint.

125.

Defendants admit the allegations of paragraph 125 of the Amended Complaint.

126.

Defendants admit the allegations of paragraph 126 of the Amended Complaint.

127.

Defendants deny they operate an enterprise but admit the remaining allegations of paragraph 127 of the Amended Complaint.

128.

Paragraph 128 contains a statement of law, to which no response is required.

129.

Defendants admit there were certain fees paid directly to Investments Dynamics. Defendants deny the remaining allegations of paragraph 129 of the Amended Complaint.

130.

Defendants deny the allegations of paragraph 130 of the Amended Complaint.

131.

Defendants deny the allegations of paragraph 131 of the Amended Complaint.

132.

Defendants deny the allegations of paragraph 132 of the Amended Complaint.

133.

Defendants deny the allegations of paragraph 133 of the Amended Complaint.

134.

Defendants deny the allegations of paragraph 134 of the Amended Complaint.

135.

Defendants deny the allegations of paragraph 135 of the Amended Complaint.

136.

Defendants deny the allegations of paragraph 136 of the Amended Complaint.

**COUNT V**
**FORCED TIPPING, 29 C.F.R. § 531.35**
***(By Plaintiffs Individually and on Behalf of the***
***Collective Against All Defendants)***

137.

Defendants incorporate by reference paragraphs 1-136.

138.

Defendants deny the allegations of paragraph 138 of the Amended Complaint.

139.

Defendants deny the allegations of paragraph 139 of the Amended Complaint.

140.

Defendants deny the allegations of paragraph 140 of the Amended Complaint.

141.

Defendants deny the allegations of paragraph 141 of the Amended Complaint.

142.

Defendants deny all allegations and statements in Plaintiffs' Complaint not expressly denied in this Answer.

WHEREFORE, Defendants, having fully answered Plaintiffs' Complaint, pray:

1.     That they be discharged without liability to Plaintiffs;

2.     That costs be taxed against Plaintiffs; and

-23-

3.      For such other and further relief as this Court deems just, proper, and equitable:

Respectfully submitted this 27th day of March, 2025.

**FREED GRANT, LLC**

| | |
|---|---|
| 101 Marietta Street, NW, Suite 3600 | By: */s/ Gary S. Freed* |
| Atlanta, Georgia 30303 | Gary S. Freed, Esq. |
| 470-839-9300 (Telephone) | Georgia Bar No. 275275 |
| 470-839-9301 (Facsimile) | Thomas C. Grant, Esq. |
| gary@freedgrant.com | Georgia Bar No. 297455 |
| tom@freedgrant.com | |

**BRISKIN, CROSS & SANFORD, LLC**

| | |
|---|---|
| 33 S. Main Street, Suite 300 | By: */s/ Mary Trachian-Bradley* |
| Alpharetta, Georgia 30009 | (*by Gary S. Freed, Esq.* |
| 770-410-1555 (Telephone) | *with express permission*) |
| 770-410-3281 (Facsimile) | Mary Trachian-Bradley, Esq. |
| mtrachian@briskinlaw.com | Georgia Bar No. 774440 |
| | |
| | *Counsel for Defendants* |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically submitted the foregoing

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO**

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES** upon all

counsel via the Court's CM/ECF system, which will automatically serve all counsel

of record as follows:

Jordan P. Rose, Esq.
Carlos V. Leach, Esq.
The Leach Firm, P.A.
1560 N. Orange Avenue, Suite 600
Winter Park, Florida 32789
cleach@theleachfirm.com
jrose@theleachfirm.com
ppalmer@theleachfirm.com

*Counsel for Plaintiffs*

This 27th day of March, 2025.

**FREED GRANT, LLC**

| | |
|---|---|
| 101 Marietta Street, NW, Suite 3600 | By: */s/ Gary S. Freed* |
| Atlanta, Georgia 30303 | Gary S. Freed, Esq. |
| 470-839-9300 (Telephone) | Georgia Bar No. 275275 |
| 470-839-9301 (Facsimile) | Thomas C. Grant, Esq. |
| gary@freedgrant.com | Georgia Bar No. 297455 |
| tom@freedgrant.com | |
| | *Counsel for Defendants* |